UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

TRAVIS WILLIAM LOGAN, JR.,

Plaintiff,

v.

BRIAN ENGLISH, et al.,

Defendants.

CAUSE NO. 3:25-CV-522-PPS-JEM

OPINION AND ORDER

Travis William Logan, Jr., a prisoner without a lawyer, filed an amended complaint. ECF 17. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Logan alleges that, on or about December 15, 2023, he told I/A Ivan Heishman that he could not go to the P-housing unit because of an "ongoing beef with inmate Raheim Brumfield." ECF 17 at 2. He repeatedly told him that he was afraid he would be stabbed and could not go there. I/A Heishman said that "everyone says that because this is Miami." *Id.* I/A Heishman asked why Logan could not go there, and Logan explained that it was because he "shot [Brumfield's] family member and he's spreaded [sic] the word of killing me[.]" *Id.* Logan was still placed in the P housing unit.

Logan was stabbed when he exited his cell. [1] C.O. Navorette allegedly watched the assault from the tower for five minutes before he called a signal and held the door closed for ten seconds before he allowed Sgt. Savontez[2] to respond. Sgt. Savontez then walked through the unit, asking if everything was okay. He then walked away before returning to take Logan to the medical department. Logan was stabbed thirteen times. His lung was punctured, and he had a spinal injury.

Following the attack, Logan was housed in the same unit as the inmates who attacked him. While housed there, he was robbed and beaten by these inmates. Logan has now been transferred to another facility. Logan is suing I/A Heishman, Sgt. Savontez, C.O. Navorette, and Warden Bryan English.

The Eighth Amendment imposes a duty on prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). When an inmate is attacked by another inmate, the Eighth Amendment is violated only if "deliberate indifference by prison officials effectively condones the attack by allowing it to happen." *Hale y v. Gross*, 86 F.3d 630, 640 (7th Cir. 1996). The defendant "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "Exercis[ing] poor judgment . . . falls short of meeting the standard of consciously disregarding a known risk to his safety." *Lewis v. Richards*, 107 F.3d 549, 554

---

[1] The amended complaint does not indicate when the assault occurred, but Logan's earlier complaint indicated that he was assaulted on or about December 15, 2023.

[2] The first complaint named Sgt. "Salvontez" but this last amended complaint refers to Sgt. "Savontez."  I will refer to this defendant as Savontez since the most recent pleading states his name this way.

(7th Cir. 1997). "[A] complaint that identifies a specific, credible, and imminent risk of serious harm and identifies the prospective assailant typically will support an inference that the official to whom the complaint was communicated had actual knowledge of the risk." *Gevas v. McLaughlin*, 798 F.3d 475, 481 (7th Cir. 2015). General requests for help, expressions of fear, and even prior attacks are insufficient to alert guards to the need for action. *Klebanowski v. Sheahan*, 540 F.3d 633, 639–40 (7th Cir. 2008).

Logan alleges that he told I/A Heishman that he was afraid he would be stabbed if placed in the P housing unit because Brumfield was housed there and Logan shot one of Brumfield's family members. These allegations state a claim against I/A Heishman. Therefore, I will allow him to proceed against I/A Heishman for failing to protect him from the attack that occurred on or about December 15, 2023.

Logan may also proceed against C.O. Navorette, who allegedly watched the attack for five minutes before calling a signal. Additionally, C.O. Navorette delayed Sgt. Savontez from responding to the signal when Logan was attacked because C.O. Navorette was slow to open doors. Accepting Logan's allegations as true, as I must at this stage of the case, Logan has plausibly alleged that C.O. Navorette was deliberately indifferent to his safety on or about December 15, 2023.

Logan named Sgt. Savontez as a defendant too, but his only allegation against Sgt. Savontez is that, when he gained access to the unit, he walked through and asked if everything was okay before returning to take Logan to the medical department. These allegations suggest, at most, negligence on the part of Sgt. Savontez. They do not permit a plausible inference that Sgt. Savontez consciously disregarded a known risk to Logan's safety. Negligence generally states no claim upon which relief can be granted in

3

a § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment.").

Finally, Logan has sued Warden Bryan English, but he alleges only that Warden English failed to protect him after Logan informed Warden English's officers of the problems he was having. As I explained in my earlier screening order (ECF 14), there is no general respondeat superior liability under 42 U.S.C. § 1983. *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009). "[P]ublic employees are responsible for their own misdeeds but not for anyone else's." *Id.* at 596. To be held liable, a supervisor must "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see." *Matthews v. City of East St. Louis*, 675 F.3d 703, 708 (7th Cir. 2012). There are not factual allegations in the amended complaint from which it can be plausibly inferred that Warden English facilitated, approved, condoned, or turned a blind eye to any violation of Logan's constitutional rights. Therefore, I will not permit Logan to proceed against Warden English.

For these reasons, the court:

(1) GRANTS Travis William Logan, Jr., leave to proceed against I/A Ivan Heishman in his individual capacity for compensatory and punitive damages for failing to protect him from the attack that occurred on or about December 15, 2023, in violation of the Eighth Amendment;

(2) GRANTS Travis William Logan, Jr., leave to proceed against C/O Navorette in his individual capacity for compensatory and punitive damages for deliberate indifference to his safety on or about December 15, 2023, when he allegedly watched

4

Logan be stabbed for five minutes before calling a signal and delayed opening doors so Sgt. Savontez could respond to the signal, in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(3) DISMISSES Warden Brian English and Sgt. Savontez;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) I/A Ivan Heishman and C.O. Navorette at the Indiana Department of Correction, with a copy of this order and the complaint (ECF 17);

(5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), I/A Ivan Heishman and C.O. Navorette to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

ENTERED: March 6, 2026.

 /s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT